UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WAYNE ORGERON AND MARY ORGERON** | * | **CIVIL ACTION NO.** |
| | * | **JUDGE:** |
| **VERSUS** | * | **MAGISTRATE JUDGE:** |
| | * | |
| **STATE FARM FIRM AND CASUALTY COMPANY** | * | |

## NOTICE OF REMOVAL

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
**Hale Boggs Federal Building
500 Poydras Street
New Orleans, Louisiana 70130**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company ("State Farm") who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 files this Notice of Removal of this case from the 17th Judicial District Court for the Parish of Lafourche, in the State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

State Farm files this Notice of Removal with full reservation of any and all rights, defenses and objections, including but not limited to, vagueness, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action.  The grounds for removal are as follows:

## INTRODUCTION

1. On May 23, 2023, Plaintiffs, Wayne Orgeron and Mary Orgeron ("Plaintiffs"), filed a Petition for Damages ("Petition") in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, entitled, *Wayne Orgeron and Mary Orgeron v. State Farm Fire and Casualty Company,* Suit No. H-147237, Division A.

2. Plaintiffs' lawsuit suit arises out of damage to their property located at 4210 W. Avenue C, Cut Off, Louisiana, 70345 (the "Property") which allegedly sustained damage as a result of Hurricane Ida. Petition at ¶¶ 3, 5 and 6. Plaintiffs assert they purchased a policy of insurance from State Farm bearing policy number 18-CO-4141-5 (the "Policy") which was in full force and effect at all times pertinent hereto. *See id.* at ¶ 4.

3. Plaintiffs allege State Farm's obligations under the Policy was to ascertain the amount of the loss suffered by the insured and fairly compensate the insured for the damages caused by the covered event. *See id.* at ¶ 9. Plaintiffs further claim State Farm either negligently or intentionally failed to fairly and promptly adjust the damages suffered by Plaintiffs, thus breaching the terms of the insurance policy and its obligations to the Plaintiffs. *See id.* at ¶ 10.

4. Plaintiffs further contend State Farm's actions constitute a breach of the affirmative duty of good faith and fair dealing, as contemplated by La. R.S. 22:1892 and La. R.S. 22:1973 and the interpreting jurisprudence, thus rendering State Farm liable to Plaintiffs for statutory penalties, exemplary damages, attorney's fees, and all other available damages. Petition at ¶13. Plaintiffs allege State Farm is liable to them among other things, for negligently, fraudulently, and/ or intentionally under-evaluating the damages suffered by Plaintiffs as a result of a covered peril; for negligently, fraudulently, and/ or intentionally

misrepresenting the facts and circumstances surrounding the policy at issue; and in breaching its contract of insurance with Plaintiffs. *Id.* at ¶15.

5. Plaintiffs contend as a result of State Farm's breaches they have suffered and continue to suffer pain and anguish; loss of funds; loss of indemnification benefits entitled to them; loss of interest that would have incurred but for State Farm's breach; Plaintiffs continue to suffer additional damages and diminution of value to their home due to State Farm's failure to timely compensate them; Plaintiffs have sustained a loss of the investment opportunities they would have had but for State Farm's breach; and all of they [sic] thus mentioned damages continue to increase. Petition at ¶17.

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon State Farm in the action bearing the caption *Wayne Orgeron and Mary Orgeron v. State Farm Fire and Casualty Company,* Suit No. H-147237, Division A in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana is attached hereto as **Exhibit "A"**.

7. State Farm did not file responsive pleadings in state court prior to removal, and thus, will file its initial responsive pleadings in accordance with Federal Rule of Civil Procedure 81(c).

## THE NOTICE OF REMOVAL IS TIMELY

8. On May 30, 2023, a copy of the Petition was delivered to the Louisiana Secretary of State. *See* **Exh. A - Petition at pp. 2 and 3**. The Petition was subsequently served on State Farm's registered agent for service of process, Corporation Service Company, on June 1, 2023. *Id.* at p. 1.

9. This Notice of Removal is filed within thirty (30) days of service of the Petition on State Farm through its agent CSC on June 1, 2023.[1]

10. Moreover, State Farm files this Notice of Removal within one year of the commencement of this action, as required by 28 U.S.C. § 1446(c)(1). Accordingly, the removal of this action is timely. No previous application for removal has been made.

## BASIS FOR JURISDICTION IN THIS COURT

### A. Complete Diversity Exists Between the Parties

11. The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).

   a. The Petition alleges that Petitioners are members of the age of majority and residents of Louisiana. Petition at Introductory Paragraph. For the purposes of determining citizenship for diversity purposes, a natural person is deemed a citizen of the state of his domicile. *Mas v. Perry*, 489 F.3d 1396 (5th Cir. 1974). State Farm has no reason to dispute that Louisiana is the domicile of Plaintiffs and that they take a Louisiana citizenship as the Policy sued upon was issued to Plaintiffs at the residence premises listed on the policy which is 4210 W. Avenue C, Cut Off, Louisiana, 70345. *See* **Exh. A - Petition at p. 9 – State Farm Homeowner's Policy Declaration Page**. Accordingly, Plaintiffs are considered Louisiana citizens for the purposes of diversity jurisdiction.

   b. State Farm is a foreign insurer incorporated under the laws of the State of Illinois with its principal place of business located in Illinois. For the purpose of

---

[1] "[T]he vast majority of district courts in this circuit have held that service on a statutory agent (such as the Louisiana Secretary of State), on behalf of a foreign defendant, does not trigger the thirty-day removal clock." *First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc.,* No. 12-CV-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012); see also *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, No. CIV.A. 08-902, 2008 WL 783592, at *2 (E.D. La. Mar. 25, 2008) (agreeing the 30-day time period for removal starts to run when the defendant or its agent actually receives process, not when the Secretary of State is served.)

  determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, pursuant to 28 U.S.C. § 1332(c)(1), State Farm is a citizen of Illinois.

 c. Because Plaintiffs are citizens of Louisiana, and because Defendant is a citizen of a state other than Louisiana, complete diversity exists among the parties.

**B. The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs**

12. Fifth Circuit jurisprudence holds that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy- preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in Plaintiffs' Petition and this Notice of Removal establish that the requisite amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. Plaintiffs contend as a result of State Farm's breaches they have suffered and continue to suffer pain and anguish; loss of funds; loss of indemnification benefits entitled to them; loss of interest that would have incurred but for State Farm's breach; Plaintiffs continue to suffer additional damages and diminution of value to their home due to State Farm's failure to timely compensate them; Plaintiffs have sustained a loss of the investment opportunities they would have had but for State Farm's breach; and all of they [sic] thus mentioned damages continue to increase. Petition at ¶17.

14. The pertinent coverage limits on Plaintiffs' Policy amount to $385,925.00. The Policy provides the following coverages: (1) $179,500 for Dwelling; (2) $17,950 for Other Structures; (3) $134,625 for Personal Property; and (4) $53,850 for Loss of Use. *See* **Exh. A - Petition at p. 10 – State Farm Homeowner's Policy Declaration Page.**

15. Prior to filing suit, Plaintiffs provided an estimate in the amount of $51,681.34 from Paradigm Consulting LLC. *See* **Exhibit "B" – Paradigm Consulting LLC Estimate at p. 13.** State Farm has estimated Plaintiffs' damages at $28,410.17. Thus, $23,271.17 remains in dispute herein under Coverage A and if Plaintiffs are able to meet their burden of proving that State Farm arbitrarily failed to timely pay the additional amounts owed, then State Farm may be liable for fifty percent of the amount owed but untimely paid – namely, an additional $11,635.58 under La. R.S. 22:1892 (B)(1) and/or an additional $46,542.34 under La. R.S. 22:1973(C). This does not take into account the $134,625 Personal Property limit and $53,850 Loss of use limit which Plaintiffs claim they are entitled to recover. *See* Petition at ¶11 ("Plaintiffs are entitled to recover the full value of their loss, ***all other contract benefits under the insurance policy,*** compensatory benefits…")

16. Plaintiffs aver they have suffered ***and continue to suffer*** damages and their mentioned damages ***continue to increase***. Petition at ¶ 17.

17. Thus, the combination of the amounts claimed by Plaintiffs pursuant to their State Farm policy with the amount of penalties and attorney's fees exceeds $75,000.00 and satisfies the requirement for the amount in controversy under 28 U.S.C. § 1332(a).[2]

---

[2] ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages- just not interests or costs."). *Chauvin v. Symetra Life Ins. Co.,* 422 F. Supp. 3d 1145, 1153 (E.D. La. Oct. 31, 2019) (Fallon, J.)

18. Additionally, Plaintiffs do not allege that the amount in controversy is below $75,000.00, as is provided for under La. Code Civ. Proc. art. 893(A) to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."

19. While State Farm does not concede liability or any element of damages, State Farm submits that based on the allegations in Plaintiffs' Petition, evidence submitted by State Farm herein, and the absence of any assertion by Plaintiffs that their damages are below $75,000.00, it cannot be disputed that that the amount of controversy exceeds $75,000.00 exclusive of interest and costs.

## PROCEDURE

20. A copy of this Notice of Removal is being served on the Plaintiffs and will be filed into the record of *Wayne Orgeron and Mary Orgeron v. State Farm Fire and Casualty Company,* Suit No. H-147237, Division A in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.

21. As required by 28 U.S.C. § 1446(a), a copy of the entire state court record, including all process, pleadings, and orders served upon Defendant, is attached hereto as Exhibit "A".

22. Pursuant to the requirements of 28 U.S.C § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit, will be promptly filed with the Clerk of Court of the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, as provided by law. *See* Notice of Filing of Notice of Removal, attached hereto as **Exhibit "C".**

23. State Farm requests a trial by jury on all issues.

24. State Farm reserves the right to amend or supplement this Notice of Removal as necessary.

## LIST OF PARTIES REMAINING IN ACTION

25. Plaintiff, Wayne Orgeron

26. Plaintiff, Mary Orgeron

27. Defendant, State Farm Fire and Casualty Company

This the 22nd day of June, 2023.

    Respectfully submitted:

    **ADAMS AND REESE LLP**

    */s/Kellen J. Mathews*
    Kellen J. Mathews (#31860), T.A.
    E. Gregg Barrios (#20096)
    Taylor M. LeDuff (#39253)
    450 Laurel Street, Suite 1900
    Baton Rouge, Louisiana 70801
    Telephone: (225) 336-5200
    Facsimile: (225) 336-5220
    Email: kellen.mathews@arlaw.com
    Email: gregg.barrios@arlaw.com
    Email: taylor.leduff@arlaw.com

    ***COUNSEL FOR STATE FARM FIRE AND CASUALTY COMPANY***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon Plaintiff and all counsel of record in this matter as indicated below:

( **X** ) CM/ECF      ( ) Prepaid U. S. Mail

( ) Facsimile      ( ) Electronic Mail

( ) Hand Delivery

this 22nd day of June, 2023.

    */s/Kellen J. Mathews*
    Kellen J. Mathews